COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-038-CR

 

 

JAMAL MAHJOUB                                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








A jury
convicted appellant, Jamal Mahjoub, of the misdemeanor offense of violating a
protective order.[2]  The trial court assessed punishment at ninety
days=
confinement in the Tarrant County jail. 
In a single point, Mahjoub contends that the trial court violated his
constitutional right to confrontation by excluding a series of e‑mails
between Mahjoub and his ex-wife, Lisa York, the complainant.  We will affirm.

At trial,
the State presented the testimony of both York and the ex‑couple=s son,
both implicating Mahjoub in the offense. 
During cross-examination of York, Mahjoub=s
attorney attempted to introduce a series of e‑mails allegedly exchanged
between York and Mahjoub a few days prior to York having complained to the
police about Mahjoub=s alleged violation of an existing
protective order.  The State objected
that the e‑mails were not relevant and were hearsay.  Mahjoub argued that they should be introduced
A[b]ecause
access and motive.  The E‑mail was
written two days before.@ 
The trial court then held a hearing outside the jury=s
presence.  At the hearing, the contents
of the e‑mails were introduced as an exhibit and read aloud for the
record.  Mahjoub never mentioned either
the federal or State confrontation clauses. 
The trial court sustained the State=s
objections.








Mahjoub
now contends that the trial court violated his constitutional right to
confrontation under both the federal constitution and the Texas constitution by
excluding the proffered e‑mails. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10.  But Mahjoub failed to preserve an issue
regarding confrontation for appellate review. 
See Tex. R. App. P. 33.1(a). 
To preserve an error for our review, a party must make a timely
objection or request to the trial court, sufficiently stating the specific grounds
for the requested ruling, unless apparent from the context, and obtain an
adverse ruling.  See id.; Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Moreover, the objection or request at trial
must comport with the complaint presented on appeal.  Wilson, 71 S.W.3d at 349.  Even constitutional errors may be forfeited
by failure to object at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  When a party=s
argument for admitting evidence could refer to a confrontation clause
complaint, the party must specifically articulate that the confrontation clause
demands admission of the evidence to preserve error on this ground.  See Reyna v. State, 168 S.W.3d 173,
179 (Tex. Crim. App. 2005) (holding that because a trial objection regarding
the Acredibility@ of the
proffered evidence could be in reference to either the rules of evidence or the
confrontation clause, the objection was not sufficiently specific to preserve
error for appellate review).








In this
case, Mahjoub=s argument at trial for
proffering the e‑mails could have encompassed either the rules of
evidence regarding relevance or hearsay, or his purpose for proffering them
could have encompassed the federal or State confrontation clauses.  See Tex. R. Evid. 401, 404, 608(b); see
also Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987) (reasoning
that exposing a witness= motivation to testify against a
defendant is a proper and important function of the constitutionally protected
right of cross-examination).  Mahjoub,
however, did not inform the trial court that either confrontation clause
demanded admission of the proffered testimony nor present any constitutional
arguments.  Indeed, both the State=s and
Mahjoub=s
attorneys discuss hearsay and relevancy regarding the proffered e‑mails,
but neither attorney ever mentions a confrontation-clause complaint.   Therefore, Mahjoub failed to preserve any
possible confrontation-clause complaint. 
See Reyna, 168 S.W.3d at 179. 

Accordingly,
we overrule Mahjoub=s sole point and affirm the trial
court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 5, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 25.07 (Vernon Supp.
2009); Tex. Fam. Code Ann. ' 85.001 (Vernon 2008).